UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLOVIS COSTELL MOSS, JR.,

      Petitioner,

v.                                           Case No. 6:24-cv-1268-JSS-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.
_____/

**ORDER**

On June 30, 2024,[1] Petitioner, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition," Dkt. 1) under 28 U.S.C. § 2254 challenging his state conviction in the Ninth Judicial Circuit of Florida in criminal case 2013-CF-1910-A-O. Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of another habeas action that Petitioner filed in this district on June 20, 2024, which was opened on June 21, 2024. *See Moss v. Sec'y, Dep't of Corr.*, No. 6:24-cv-1144-JSS-LHP (M.D. Fla.). In that case, Petitioner challenges the same state criminal

---

[1] This is the date under the "mailbox rule." Under that rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *See, e.g., Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009). The Court assumes, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

1

conviction as in this case. *Compare* (Dkt. 1 with Case No. 6:24-cv-1144-JSS-LHP, Dkt. 1-3).

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and internal quotation marks omitted). The doctrine, which is called "claim splitting," "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails[,]" thereby "ensure[ing] fairness to litigants and . . . conserv[ing] judicial resources." *Id.* (internal citations and quotation marks omitted). The claim-splitting doctrine applies where "a plaintiff maintain[s] two separate causes of action involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Capital Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover*, 857 F.3d at 840-42).

Here, Petitioner's claim arises from the same event and challenges the same conviction and seeks relief against the same respondent. Thus, assuming Petitioner intended to initiate another habeas action, he has engaged in improper claim splitting. Because Petitioner's first case involves the same claim at issue in this case, the present case must be dismissed.

Accordingly:

    1. This case is **DISMISSED** without prejudice.

2. Petitioner may pursue the present claim in the earlier case (Case No. 6:24-cv-1144-JSS-LHP).

3. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Orlando, Florida on July 17, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party